**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTY LUCARELLI, <br> formerly CHRISTY DREYER, <br><br> Plaintiff, <br><br> v. <br><br> ADMIN RECOVERY LLC and <br> PALMAR ASSOCIATES, INC., <br> a/k/a TALMAR ASSOCIATES, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **COMPLAINT**

### **INTRODUCTION**

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendants. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### **VENUE AND JURISDICTION**

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

4. Venue and personal jurisdiction in this District are proper because:

 a. Defendants' collection communications were received by plaintiff

within this District;

   b. Defendants transact business within this District.

## PARTIES

5. Plaintiff Christy Lucarelli, formerly Christy Dreyer, is a resident of the Northern District of Illinois.

6. Defendant Admin Recovery LLC is a limited liability company organized under New York law with offices at 9276 Main Street, Clarence, NY 14031.

7. Defendant Palmar Associates, Inc. is a suspended California corporation, also known as Talmar Associates, Inc. Its principal place of business is 611 Culver Ave. Orange, CA 92868.

8. Both Defendants engaged in the business of a collection agency and used the mails and telephone system for that purpose.

9. Palmar Associates, Inc. continued to engage in the business of a collection agency after suspension of its right to do so, using the mails and telephone to collect consumer debts originally owed to others.

## FACTS

10. In 2010, plaintiff, then known as Christy Dreyer, filed suit against Admin Recovery LLC complaining of attempts to collect a HSBC credit card.

11. In June 2010 the case was settled. A copy of the agreement is attached as <u>Exhibit A.</u> As part of the agreement Admin Recovery LLC released plaintiff from the debt and promised not to sell or transfer it to anyone.

12. Plaintiff performed all obligations under the agreement.

13. Admin Recovery LLC did sell or transfer or cause another to attempt to collect the

debt.

14. During July - August 2012, plaintiff and members of her family, including her husband's parents, her aunt and her mother, received a series of collection calls and messages from "Talmar Associates" seeking to collect the released debt. The calls referred to a "case number" and referred to a lawsuit. There were a total of 75 calls.

    a) Plaintiff's husband Anthony Lucarelli received 70 phone calls from July 23, 2012 to August 28, 2012:

        July 23 - 1 call
        August 2 - 2 calls
        August 6 - 6 calls
        August 7 - 4 calls
        August 8 - 1 call
        August 9 - 1 call
        August 10 - 3 calls
        August 11 - 2 calls
        August 13 - 3 calls
        August 14 - 1 call
        August 15 - 5 calls
        August 17 - 2 calls
        August 18 - 1 call
        August 19 - 4 calls
        August 22 - 6 calls
        August 24 - 4 calls
        August 26 - 9 calls (5 between 9:15 and 10 a.m.)
        August 27 - 7 calls (3 between 8:27 and 8:37 p.m.)
        August 28 - 8 calls, seven of them between 8 and 8:36 a.m.

    b) Plaintiff's brother-in-law received one call on August 28, 2013.

    c) Plaintiff's mother-in-law and father-in-law received a message on their home answering machine on August 28, 2013.

    d) Both of Plaintiff's sisters received one call each on August 28, 2013.

    e) Plaintiff's aunt received a message on August 28, 2013.

      f)     Plaintiff's father received a message on August 29, 2013 on his cell phone.

15.     Plaintiff was harassed and embarrassed as a result.

16.     No lawsuit had been filed.

## COUNT I – BREACH OF CONTRACT

17.     Plaintiff incorporates paragraphs 1-16.

18.     This claim is against Admin Recovery LLC.

19.     Admin Recovery LLC breached its contract by selling or transferring the debt.

20.     Plaintiff was damaged as a result.

WHEREFORE, the Court should award plaintiff:

    a.     Compensatory damages;

    b.     Costs;

    c.     Such other or further relief as is proper.

## COUNT II – FDCPA

21.     Plaintiff incorporates paragraphs 1-16.

22.     This claim is against Admin Recovery LLC and Palmar Associates, Inc.

23.     Defendants violated the FDCPA, 15 U.S.C. §1692c, by communicating with plaintiff's relatives about plaintiff's alleged debt.

24.     Defendants violated the FDCPA, 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), by falsely representing that a lawsuit had been filed and by falsely representing that plaintiff owed the debt.

WHEREFORE, the Court should award plaintiff:

    a.    Compensatory damages;

    b.    Statutory damages;

    c.    Attorney's fees, litigation expenses and costs;

    d.    Such other or further relief as is proper.

## COUNT III – ILLINOIS COLLECTION AGENCY ACT

25.    Plaintiff incorporates paragraphs 1-16.

26.    This claim is against Admin Recovery LLC and Palmar Associates, Inc.

27.    Defendants are both "collection agenc[ies]" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

28.    Defendants violated the following provisions of 225 ILCS 425/9:

> . . .**(13) Disclosing or threatening to disclose information adversely affecting a debtor's reputation for credit worthiness with knowledge the information is false. . . .**
>
> **(17) Disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law. . . .**
>
> **(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**
>
> **. . . (26) Misrepresenting the amount of the claim or debt alleged to be owed. . . .**

29.    Defendants violated the following provisions of 225 ILCS 425/9.2:

> **225 ILCS 425/9.2. (Effective January 1, 2008) Communication in connection with debt collection**
>
> **Sec. 9.2.. . . (b) Except as provided in Section 9.1 of this Act [225-425/9.1], without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy, a debt**

5

**collector or collection agency may not communicate, in connection with the collection of any debt, with any person other than the debtor, the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the collection agency.**

30. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

31. Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendants:

    a. Compensatory and punitive damages;

    b. Costs;

    c. Such other and further relief as is appropriate.

## COUNT IV – CONSUMER FRAUD ACT

32. Plaintiff incorporates paragraphs 1-16.

33. This claim is against Admin Recovery LLC and Palmar Associates, Inc.

34. Defendants engaged in unfair acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by communicating about pliantiff's debt to family members.

35. Defendants engaged in such conduct in the course of trade and commerce.

36. Defendants engaged in such conduct for the purpose of obtaining money from plaintiff.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

    a. Actual damages;

    b. Punitive damages;

   c.  An injunction against further violation;

   d.  Attorney's fees, litigation expenses and costs of suit;

   e.  Such other or further relief as the Court deems proper.


               s/ Daniel A. Edelman
               Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Sharon Goott Nissim
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)